FILED
DEC 1 9 2007
U.S. COURT OF FEDERAL CLAIMS

ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS** | ) | |
| **Plaintiff,** | ) | 07-888 T |
| **v.** | ) | **Docket No.** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff brings this action against the United States of America and alleges as follows:

### NATURE OF CLAIM

1. This is an action arising under the internal revenue laws of the United States for the recovery of $2,210,494 of federal excise taxes erroneously assessed against and collected from plaintiff by defendant. The taxable periods at issue are the third and fourth quarters of 2000, and the third quarter of 2001 (collectively the "Periods at Issue").

### PARTIES

2. Plaintiff, Cellco Partnership d/b/a Verizon Wireless, is a partnership organized under the laws of the State of Delaware, with its principal place of business at One Verizon Way, Basking Ridge, NJ 07920. Plaintiff is owned by affiliates of Verizon Communications Inc. and Vodafone Group PLC.

3. For purposes of reporting to the Internal Revenue Service ("IRS"), plaintiff's employer identification number is 22-3372889, which is reflected in all returns and claims described herein. All returns and claims described herein were filed with the IRS Service Center in Cincinnati, Ohio.

4. Defendant is the United States of America.

**JURISDICTION**

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1491.

6. This action is brought subsequent to plaintiff's timely filing with the IRS of proper claims for refund of all taxes and interest sought herein pursuant to 26 U.S.C. § 7422.

7. This action is brought within the period prescribed by 26 U.S.C. § 6532, and is therefore timely.

8. Plaintiff has made no transfer or assignment of the claims herein presented or any part thereof and is the sole and absolute owner of these claims. No action on these claims has been taken by the Congress of the United States or by any of the departments of the government, other than the action by the Treasury Department hereinafter described. No other suit or process by plaintiff is pending on such claims in any other court.

**LEGAL BACKGROUND**

9. This matter involves claims for refund of the federal communications excise tax imposed under Section 4251(a) of the Internal Revenue Code (26 U.S.C.).

10. The question of the applicability of the communications excise tax to telecommunications service priced solely on the transmission time of a call has been litigated and unanimously decided in favor of taxpayers. This Court and the five U.S. Courts of Appeals which have considered the issue have held that the communications excise tax does not apply to telecommunications service the charge for which is based solely on transmission time. *Honeywell Int'l, Inc. v. United States*, 64 Fed. Cl. 188 (2005); *Reese Bros., Inc. v. United States*, 447 F.3d 229 (3d Cir. 2006); *Fortis v. United States*, 447 F.3d 190 (2d Cir. 2006); *Nat'l R.R. Passenger Corp. v. United States*, 431 F.3d 374 (D.C. Cir. 2005); *OfficeMax, Inc. v. United*

*States*, 428 F.3d 583 (6th Cir. 2005); *Am. Bankers Ins. Group v. United States*, 408 F.3d 1328 (11th Cir. 2005).

11. Subsequent to the decisions described in paragraph 10 above, the IRS, in Notice 2006-50, 2006-1 C.B. 1141, formally conceded that communications excise tax is not due on telecommunications service the charge for which is based solely on transmission time.

12. After the issuance of Notice 2006-50, the only remaining issue is the procedure for refunding to taxpayers overpaid communications excise taxes.

## FACTUAL BACKGROUND

13. Plaintiff is a telecommunications carrier and during the Periods at Issue sold prepaid wireless telecommunications service.

14. Customers accessed plaintiff's wireless telecommunications service by purchasing personal identification numbers ("PINs"). PINs allowed customers to add value to their prepaid wireless accounts. Plaintiff often, although not always, provided PINs on cards. For ease of reference, plaintiff refers to PINs in this Complaint as "prepaid telephone cards."

15. The fee for plaintiff's prepaid wireless telecommunications service was based solely on transmission time.

16. Plaintiff sold prepaid wireless service directly to customers through Verizon Wireless stores ("direct" sales) and indirectly through wholesalers and retailers (collectively "retailers") ("indirect" sales).

### The Communications Excise Tax

17. Section 4251(a) of the Internal Revenue Code (26 U.S.C.) imposes a three percent excise tax on amounts "paid for communications services . . . ." The face amount of a prepaid telephone card is treated as the amount paid for communications services under Section 4251(a). *See* 26 U.S.C. § 4251(d)(1)(A). A "prepaid telephone card" is "any card or other

similar arrangement which permits its holder to obtain communications services and pay for such services in advance." 26 U.S.C. § 4251(d)(3).

18. Communications excise tax becomes due when a prepaid telephone card is transferred by a telecommunications carrier to a third-party who is not a telecommunications carrier. 26 U.S.C. § 4251(d)(1)(B).

19. As described in paragraphs 9 through 11 *supra*, the communications excise tax applies to telecommunications service only if the charge "varies in amount with the distance *and* elapsed transmission time" of each call. 26 U.S.C. § 4252(b)(1) (emphasis added).

20. Plaintiff's charges for prepaid wireless service varied only based on the elapsed transmission time of a call, not the distance of the call, and are not properly subject to the communications excise tax.

**Plaintiff Paid Federal Excise Taxes on Sales of Prepaid Wireless Service**

*Direct Sales of Prepaid Wireless Service*

21. During the Periods at Issue, plaintiff paid the three percent communications excise tax imposed by 26 U.S.C. § 4251(a)(1) on direct sales of prepaid wireless service.

22. During the Periods at Issue, plaintiff sold prepaid wireless service in increments ranging from $30 to $150. Customers paid applicable state or local sales taxes, which plaintiff separately stated on customer receipts.

23. During the Periods at Issue, plaintiff did not collect from customers communications excise tax on direct sales of prepaid wireless service.

24. Plaintiff (and not the customers) bore the economic burden of the telecommunications excise tax on direct sales.

*Indirect Sales of Prepaid Wireless Service*

25. During the Periods at Issue, plaintiff paid the three percent communications excise tax imposed by 26 U.S.C. § 4251(a)(1) on indirect sales of prepaid wireless service.

26. Plaintiff sold prepaid telephone cards to retailers at a discount off of the retail price. For example, on prepaid telephone cards with a retail value of $100, plaintiff would charge $85 (i.e., a 15% discount). During the Periods at Issue, plaintiff paid the excise tax (i.e., 3% of $100) to the IRS. Although its invoices to retailers showed the three percent tax, the three percent tax was reversed on these invoices by increasing the discount to the retailer by the same amount. The invoices showed the three percent tax and then an additional three percent discount (e.g., 3% plus 15% for a total discount of 18%).

27. After the court decisions described in paragraph 10 *supra*, plaintiff stopped paying to the IRS the communications excise tax. At the same time, plaintiff revised its invoices to retailers to eliminate any reference to the excise tax and to reduce the discount. Both during the Periods at Issue (when plaintiff paid the excise tax to the IRS) and after plaintiff stopped paying the excise tax, it granted retailers the same net discount.

28. Plaintiff (and not the retailers) bore the economic burden of the telecommunications excise tax on indirect sales.

**The Original Quarterly Federal Excise Tax Returns**

29. On October 31, 2000, plaintiff timely filed with the IRS a Quarterly Federal Excise Tax Return (IRS Form 720) for the third quarter of 2000 reporting communications excise taxes of $37,288,249.91 ("Original Third Quarter 2000 Return").

30. Prior to filing the Original Third Quarter 2000 Return, plaintiff made timely deposits of excise tax with the IRS of $37,288,249.91.

31. On January 31, 2001, plaintiff timely filed with the IRS a Quarterly Federal Excise Tax Return (IRS Form 720) for the fourth quarter of 2000 reporting communications excise taxes of $39,699,509.21 ("Original Fourth Quarter 2000 Return").

32. Prior to filing the Original Fourth Quarter 2000 Return, plaintiff made timely deposits of excise tax with the IRS of $39,699,509.21.

33. On or about October 31, 2001, plaintiff timely filed with the IRS a Quarterly Federal Excise Tax Return (IRS Form 720) for the third quarter of 2001 reporting communications excise taxes of $48,815,713.55 ("Original Third Quarter 2001 Return" and together with the Original Third Quarter 2000 Return and the Original Fourth Quarter 2000 Return, the "Original Returns").

34. Prior to filing the Original Third Quarter 2001 Return, plaintiff made timely deposits of excise tax with the IRS of $48,815,713.55.

**The Amended Quarterly Federal Income Tax Returns**

35. On September 30, 2003, plaintiff filed with the IRS amended Quarterly Federal Excise Tax Returns (IRS Forms 720X) for the third quarter of 2000, the fourth quarter of 2000, and the third quarter of 2001 (the "Amended Returns") reporting additional communications excise taxes of $754,881 and $860,483, for the third and fourth quarters of 2000, respectively, and seeking a credit of $505,130 of overpaid tax for the third quarter of 2001.

36. The IRS has not acted on the claim for credit of $505,130 of overpaid tax for the third quarter of 2001.

37. By check number 4554824 dated September 30, 2003, plaintiff paid the IRS $13,741,260.68 in additional communications excise tax for multiple taxable periods. That payment included $754,881 and $860,483 for the third quarter of 2000 and the fourth quarter of 2000, respectively. Payment was remitted to the IRS Service Center in Cincinnati, Ohio.

38. The IRS acknowledged receipt of the Amended Returns and the related payment, along with returns and payment for periods not at issue in this Complaint, in an "Acknowledgement of Receipt" signed on September 30, 2003, by Internal Revenue Agent Frances Florence.

**The Claims for Refund**

39. After plaintiff filed the Original Returns and the Amended Returns, the U.S. Courts of Appeals for the Sixth, Eleventh, and District of Columbia Circuits and the U.S. Court of Federal Claims ruled that the communications excise tax under 26 U.S.C. § 4252(b)(1) is not due on telecommunications service the charge for which is based solely on transmission time, as described in paragraphs 9 through 11 *supra*.

40. In September 2005, plaintiff timely filed claims for refund of communications excise tax paid for the Periods at Issue (the "Refund Claims").

41. Plaintiff filed the Refund Claims with the IRS Service Center in Cincinnati, Ohio. Copies of the Refund Claims are attached hereto as Exhibit A.

42. The Refund Claims are summarized in the table below:

| Quarter | Amount Claimed | Date of Refund Claim | Form of Refund Claim |
|---|---|---|---|
| Third Quarter 2000 | $180,024 | Sept. 23, 2005 | Amended Quarterly Federal Excise Tax Return (IRS Form 720X) |
| Third Quarter 2000 | $580,394 | Sept. 26, 2005 | Claim for Refund of Excise Taxes (IRS Form 8849) |
| Third Quarter 2000 | $810,396 | Sept. 26, 2005 | Claim for Refund of Excise Taxes (IRS Form 8849) |
| Fourth Quarter 2000 | $8,360 | Sept. 23, 2005 | Amended Quarterly Federal Excise Tax Return (IRS Form 720X) |
| Fourth Quarter 2000 | $614,660 | Sept. 26, 2005 | Claim for Refund of Excise Taxes (IRS Form 8849) |
| Fourth Quarter 2000 | $990,205 | Sept. 26, 2005 | Claim for Refund of Excise Taxes (IRS Form 8849) |
| Third Quarter 2001 | $415,818 | Sept. 23, 2005 | Amended Quarterly Federal Excise Tax Return (IRS Form 720X) |
| Third Quarter 2001 | $1,708,851 | Sept. 23, 2005 | Claim for Refund of Excise Taxes (IRS Form 8849) |
| Third Quarter 2001 | $813,547 | Sept. 23, 2005 | Claim for Refund of Excise Taxes (IRS Form 8849) |
| **Total** | **$6,122,255.00** | | |

**The Notice of Disallowance**

43. By Letter 105C dated December 20, 2005, the IRS disallowed each of the Refund Claims as untimely filed.

44. In disallowing the Refund Claims, the IRS relied solely on 26 U.S.C. § 6511(a), which provides that the period of limitation to file a claim for refund is "within 3

years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later ...."

45. The IRS erroneously applied 26 U.S.C. § 6511(a).

46. Plaintiff's Refund Claims for amounts paid on September 30, 2003, were timely because those claims were filed on September 23 and September 26, 2005, which was within two years from the time the tax was paid. Plaintiff's Refund Claims for amounts included in the amended return for the third quarter of 2001 filed on September 30, 2003, was timely because the amended return was filed within three years from the time of filing of the original return and the IRS has not acted on the claim for credit.

47. By letter dated January 18, 2006, plaintiff informed the IRS of its error in the application of 26 U.S.C. § 6511(a) with respect to the $754,881 and $860,483 payments for the third quarter of 2000 and the fourth quarter of 2000. The IRS has never responded.

**COUNT I – THIRD QUARTER 2000**

48. Pursuant to Rule 10(c) of the Rules of the United States Court of Federal Claims, paragraphs 1 through 47 *supra*, are hereby incorporated by reference as though set forth fully here.

49. Under this first count, plaintiff demands a refund of $754,881 in communications excise tax, plus interest as provided by law.

50. Plaintiff timely filed Refund Claims for $754,881 for the third quarter of 2000.

51. A refund claim must be filed within three years from the time of filing the return *or* two years from the date of payment, whichever period expires later. 26 U.S.C. § 6511(a).

52. On September 30, 2003, plaintiff filed the Amended Third Quarter 2000 Return and paid an additional $754,881. Under 26 U.S.C. § 6511(a) a claim for refund filed within two years of September 30, 2003, would be timely. Plaintiff filed its Refund Claims on September 23 and 26, 2005, within the statute of limitations.

53. Accordingly, the Refund Claims for the third quarter of 2000 were timely filed.

**COUNT II – FOURTH QUARTER 2000**

54. Pursuant to Rule 10(c) of the Rules of the United States Court of Federal Claims, paragraphs 1 through 47 *supra*, are hereby incorporated by reference as though set forth fully here.

55. Under this second count, plaintiff demands a refund of $860,483 in communications excise tax, plus interest as provided by law.

56. Plaintiff timely filed Refund Claims for $860,483 for the fourth quarter of 2000.

57. A refund claim must be filed within three years from the time of filing the return *or* two years from the date of payment, whichever period expires later. 26 U.S.C. § 6511(a).

58. On September 30, 2003, plaintiff filed the Amended Fourth Quarter 2000 return and paid an additional $860,483. Under 26 U.S.C. § 6511(a) a claim for refund filed within two years of September 30, 2003, would be timely. Plaintiff filed its Refund Claims on September 23 and 26, 2005, within the statute of limitations.

59. Accordingly, the Refund Claims for the fourth quarter of 2000 were timely filed.

**COUNT III – THIRD QUARTER 2001**

60. Pursuant to Rule 10(c) of the Rules of the United States Court of Federal Claims, paragraphs 1 through 47 *supra*, are hereby incorporated by reference as though set forth fully here.

61. Under this third count, plaintiff demands a refund of $505,130 in communications excise tax, plus interest as provided by law.

62. Plaintiff timely filed Refund Claims for $505,130 for the third quarter of 2001.

63. A refund claim must be filed within three years from the time of filing the return *or* two years from the date of payment, whichever period expires later. 26 U.S.C. § 6511(a).

64. On or about October 31, 2001, plaintiff timely filed with the IRS its Original Third Quarter 2001 Return. Under 26 U.S.C. § 6511(a) a claim for refund filed within three years of October 31, 2001, would be timely. Plaintiff filed its Amended Third Quarter 2001 return seeking a credit of $505,130 on September 26, 2003, within the statute of limitations.

65. Accordingly, the Refund Claims for $505,130 of overpaid tax for the third quarter of 2001 were timely filed.

**WHEREFORE**, plaintiff demands judgment in its favor against the United States in the aggregate amount of $2,210,494, or such other amount as may be legally refundable, plus interest thereon as follows:

1. In the amount of $754,881 for the third quarter of 2000, or such other amount as may be legally refundable, plus interest as provided by law;

2. In the amount of $860,483 for the fourth quarter of 2000, or such other amount as may be legally refundable, plus interest as provided by law;

3. In the amount of $505,130 for the third quarter of 2001, or such other amount as may be legally refundable, plus interest as provided by law; and

4. For such other and further relief as this Court may deem just and proper.

Dated: December 19, 2007

Respectfully submitted,

Michael Quigley by Kathleen Pakenham

Michael Quigley
White & Case LLP
701 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 626-3593 (telephone)
(202) 639-9355 (facsimile)

Of counsel:

Kathleen Pakenham
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036
(212) 819-8324 (telephone)
(212) 354-8113 (facsimile)