IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-888 T

(Chief Judge Edward J. Damich)

CELLCO PARTNERSHIP
d/b/a/ VERIZON WIRELESS,

Plaintiff

v.

THE UNITED STATES,

Defendant

ANSWER

Defendant, the United States, through its attorneys, hereby answers plaintiff's complaint. Defendant respectfully denies each and every allegation contained therein that is not admitted below.

Defendant further responds as follows:

**COMPLAINT**

With respect to the allegations in the unnumbered paragraph (of p. 1) of the complaint admits the allegations contained therein.

## NATURE OF THE CLAIM

1. Denies the allegations in the first sentence in ¶ 1 of the complaint that federal excise taxes were erroneously assessed and collected from plaintiff by defendant. Admits the remaining allegations in ¶ 1 of the complaint.

## PARTIES

2. Admits the allegations in the first sentence of ¶ 2 of the complaint that plaintiff is a partnership. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 2 of the complaint.

3-4. Admits the allegations ¶¶ 3-4 of the complaint.

## JURISDICTION

5. With respect to the allegations in ¶ 5 of the complaint, admits only that, if this Court has jurisdiction, it is founded upon 28 U.S.C. Section 1491(a)(1).

6. Denies the allegation in ¶ 6 of the complaint that the claims for refund were "proper." Admits the remaining allegations in ¶ 6 of the complaint.

. 7. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 7 of the complaint.

8. Denies the allegations in the first sentence of ¶ 8 of the complaint that plaintiff is the "sole and absolute owner of these claims." Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 8 of the complaint.

## LEGAL BACKGROUND

9. Admits the allegations in ¶ 9 of the complaint.

10. Admits the allegations in the first sentence of ¶ 10. Avers that the allegations in the second sentence in ¶ 10 of the complaint are contentions of law to which no response is required.

11-12. Avers that the allegations in ¶¶ 11-12 of the complaint are contentions of law to which no response is required.

## FACTUAL BACKGROUND

13. Admits the allegations in ¶ 13 of the complaint.

14-16. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶¶ 14-16 of the complaint.

### The Communications Excise Tax

17-19. Avers that the allegations in ¶¶ 17-19 of the complaint are contentions of law to which no response is required.

20. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 20 of the complaint.

### Plaintiff Paid Federal Excise Tax on Sales of Prepaid Wireless Service

*Direct Sales of Prepaid Wireless Service*

21-28. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ ¶ 21-28 of the complaint.

*Indirect Sales of Prepaid Wireless Service*

### The Original Quarterly Federal Excise Tax Returns

29. Admits the allegations in ¶ 29 of the complaint, except avers that the Quarterly Federal Excise Tax Return for the third quarter of 2000 was received by the IRS on November 30, 2000.

30. Admits the allegations in ¶ 30 of the complaint.

31. Admits the allegations in ¶ 31 of the complaint, except avers that the Quarterly Federal Excise Tax Return for the fourth quarter of 2000 was received by the IRS on February 28, 2001.

32. Admits the allegations in ¶ 32 of the complaint.

33. Admits the allegations in ¶ 33 of the complaint, except avers that the Quarterly Federal Excise Tax Return for the third quarter of 2001 was received by the IRS on November 30, 2001.

34. Admits the allegations in ¶ 34 of the complaint.

**The Amended Quarterly Federal Income Tax Returns**

35. Admits the allegations in ¶ 35 of the complaint.

36-38. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶¶ 36-38 of the complaint.

**The Claims for Refund**

39. Avers that the allegations in ¶ 39 of the complaint are contentions of law to which no response is required.

40. Admits the allegations in the ¶ 40 of the complaint, except avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the refund claims filed in September 2005 were timely.

41. Admits the allegations in ¶ 41 of the complaint.

42. Admits the allegations in the ¶ 42 of the complaint, except avers that refund claims (on IRS Form 8849) for the third quarter and fourth quarters of 2000 and the third quarter of 2001 were received by the IRS on September 29, 2005.

**The Notice of Disallowance**

43-45. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶¶ 43-45 of the complaint.

46. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in ¶ 46 of the complaint. Admits the allegations in the second sentence of ¶ 46 of the complaint, except avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the "IRS has not acted on the claim for credit."

47. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 47 of the complaint.

**COUNT I - THIRD QUARTER 2000**

48. Defendant repeats the responses set forth in ¶¶ 1 through 47 of this answer as if fully set forth herein.

49. Admits the allegations in ¶ 49 of the complaint.

50. Admits the allegation in ¶ 50 that the refund claim [amended return filed on September 30, 2003] was timely. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 50 of the complaint.

51. Avers that the allegations in ¶ 51 of the complaint are contentions of law to which no response is required.

52. Admits the allegations in the first sentence of ¶ 52 of the complaint, except avers that plaintiff paid an additional $658,422. Avers that the allegations in the second sentence of ¶ 52 of the complaint are contentions of law to which no response is required. With respect to the allegations in the third sentence of ¶ 52 of the complaint, admits that plaintiff filed refund claims for the third quarter of 2000 on September 23 and September 29, 2005. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence of ¶ 52 of the complaint.

53. Admits the allegation in ¶ 53 of the complaint that the refund claim [IRS Form 720X) for the third quarter of 2000 was timely. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 53 of the complaint regarding other refund claims.

**COUNT II - FOURTH QUARTER 2000**

54. Defendant repeats the responses set forth in ¶¶ 1 through 47 of this answer as if fully set forth herein.

55. Admits the allegations in ¶ 55 of the complaint.

56. Admits the allegation in ¶ 56 of the complaint that the refund claim [IRS Form 720X) filed on September 30, 2003, in the amount of $860,483 for the fourth quarter of 2000 was timely. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 56 of the complaint regarding other refund claims.

57. Avers that the allegations in ¶ 57 of the complaint are contentions of law to which no response is required.

58. Admits the allegations in the first sentence of ¶ 58 of the complaint, except avers that plaintiff paid an additional $752,483. Avers that the allegations in the second sentence of ¶ 58 of the complaint are contentions of law to which no response is required. With respect to the allegations in the third sentence of ¶ 58 of the complaint, admits that plaintiff filed refund claims for the fourth quarter of 2000 on September 23 and September 29, 2005. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence of ¶ 58 of the complaint

59. Admits the allegation in ¶ 59 of the complaint that the refund claim [IRS Form 720X) for the fourth quarter of 2000 was timely. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 59 of the complaint regarding other refund claims.

**COUNT III - THIRD QUARTER 2001**

60. Defendant repeats the responses set forth in ¶¶ 1 through 47 of this answer as if fully set forth herein.

61. Admits the allegations in ¶ 61 of the complaint.

62. Admits the allegation in ¶ 62 of the complaint that the refund claim [IRS Form 720X) filed on September 30, 2003, in the amount of $505,130 for the third quarter of 2001 was timely. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 62 of the complaint regarding other refund claims.

63. Avers that the allegations in ¶ 63 of the complaint are contentions of law to which no response is required.

64. Admits the allegations in the first sentence of ¶ 64 of the complaint, except avers that the Quarterly Federal Excise Tax Return for the third quarter 2001 was received by the IRS on November 30, 2001. Avers that the allegations in the second sentence of ¶ 64 of the complaint are contentions of law to which no response is required. Admits the allegations in the third sentence of ¶ 64 of the complaint, except avers that the Amended Third Quarter 2001 return was received by the IRS on September 30, 2003.

65. Admits the allegation in ¶ 65 of the complaint that the refund claim [IRS Form 720X) for the third quarter of 2001 was timely. Avers that defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 65 of the complaint regarding other refund claims.

**RELIEF**

Denies that plaintiff is entitled to the relief requested in the "Wherefore" clause of the complaint.

WHEREFORE, defendant prays that the complaint be dismissed with costs assessed against plaintiff.

Respectfully submitted,

s/Jennifer Dover Spriggs
JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Reviewer

s/G. Robson Stewart

Of Counsel

April 9, 2008