IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-888 T

(Chief Judge Edward J. Damich)

CELLCO PARTNERSHIP
d/b/a VERIZON WIRELESS,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A to the Rules of the United States Court of Federal Claims, and the Court's order of January 4, 2008, the parties submit the following information:

In Response to Paragraph 4 of Appendix A:

a. Jurisdiction. Plaintiff's statement re: jurisdiction. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1491. This action is brought subsequent to plaintiff's timely filing with the IRS of proper claims for refund of all taxes and interest sought herein pursuant to 26 U.S.C. § 7422. This action is brought within the period prescribed by 26 U.S.C. § 6532, and is therefore timely.

Defendant's statement re: jurisdiction.

Defendant believes that, if this Court has jurisdiction, it is based upon 28 U.S.C. § 1491 (a)(1).

b. Consolidation. The parties are unaware of any case with which this case should be consolidated.

c. Bifurcation of trial. The parties agree that separate trials on the questions of liability and damages (i.e., the amount of any overpayment of tax and interest) should be unnecessary in this case, but ask that the Court determine the question of liability only and thereafter permit the parties a reasonable period of time within which to perform and agree upon any necessary recomputation of tax liability and interest due, with a view to the parties submitting an agreed stipulation as to the amount of the judgment. This will avoid unnecessary time at trial devoted to the question of computations.

d. Deferral of proceedings. The parties know of no case pending before this Court that would justify deferral of proceedings in this case. The parties know of no basis for

transferring or remanding the case to another tribunal. The parties do not know of any related cases in this or any other tribunal.

e. Remand or suspension. The parties do not now anticipate seeking a suspension of this case, and remand of a tax refund suit is inappropriate.

f. Additional parties. The parties do not know of any additional parties to be joined.

g. Dispositive motions. At this time, no final determination has been made with respect to any dispositive motion. If circumstances change based upon facts developed during discovery the parties shall notify the Court and propose a schedule for any intended filing.

h. Issues. The parties believe that the material issues of fact and law in this case are:

The issue in any tax refund case is whether the plaintiff has overpaid its tax liability. The following subsidiary issue has been identified by the parties:

1. Whether plaintiff is entitled to a refund of the communications excise tax imposed by 26 U.S.C. § 4251 on the sale of prepaid telephone cards?

Facts and Issues of Law the Parties Consider
Not to Be Substantially Controverted.

Until discovery is substantially completed, the parties cannot determine all of the facts and issues of law which are not substantially controverted. Set forth below are the facts and issues of law which the parties consider, at this time, not to be substantially controverted:

In IRS Notice 2006-50, 2006-1 C.B. 1141, the Internal Revenue Service announced that:

> [A] telephonic communication for which there is a toll charge that varies with elapsed transmission time and not distance (time-only service) is not taxable toll telephone service as defined in § 4252(b)(1) of the Internal Revenue Code. As a result, amounts paid for time-only service are not subject to the tax imposed by § 4251.

The Notice also announced that "bundled service," which includes prepaid telephone cards and wireless service, is not taxable toll telephone service as defined in § 4252(b)(1) of the Internal Revenue Code. Therefore, the Internal Revenue Service concedes that prepaid wireless service that does not separately state the charge for local service is not subject to the tax imposed by 26 U.S.C. § 4251. *Ibid*.

Section 4291 provides in part that “[E]very person receiving any payment for facilities or services on which a tax is imposed upon the payor . . . shall collect the amount of the tax from the person making such payment.” IRS Notice 2006-50, Section 2(a)(3) provides that “In most cases, the collector, which is also responsible for paying over the tax to the government, is the telecommunications company that provides the communications services to the taxpayer.” Pursuant to IRS Notice 2006-50, Section 4(c), “Collectors may also request a refund [on nontaxable service], subject to the provisions of § 6415 and section 5(d)(4) of this notice.” Section 6415(a) provides, in part, that:

> Credit or refund of any overpayment of tax imposed by section 4251 . . . may be allowed to the person who collected the tax and paid it to the Secretary, if such person establishes, under such regulations as the Secretary may prescribe, that he has repaid the amount of such tax to the person from whom he collected it, or obtains the consent of such person to the allowance of such credit or refund.

Facts and Issues of Law in Dispute.

Until discovery has been substantially completed, the parties cannot determine all of the the facts and issues of law which are disputed. Set forth below are the facts and issues of law which the parties consider at this time to be disputed:

Defendant contends that the transcripts of account do not establish that plaintiff has overpaid its tax liability for the periods in issue. Plaintiff’s transcripts of account reflect that on

September 30, 2003, the Internal Revenue Service received from plaintiff advanced payments of $658,422.27 and $752,482.58.[1] Those payments were credited to plaintiff's excise tax accounts for the periods ending September 30, 2000, and December 31, 2000, respectively. (*See* Exs. A-B.) The Internal Revenue Service transferred the $658,422.27 and $752,482.58 credits from plaintiff's September 30, 2000, and December 31, 2000 accounts to a liability owed by the plaintiff for the period ended March 31, 2002. (*Ibid*.) With respect to the quarter ended September 30, 2001, on January 12, 2004, as requested by plaintiff, the Internal Revenue Service abated tax in the amount of $505,129.67. (*See* Ex. C.) Upon abatement of the tax for the period ended September 30, 2001, the Internal Revenue Service made credit transfers of $111,989.71, $188,680.13, and $204,459.83 for application to liabilities owed by plaintiff for the periods ended June 30, 2001, March 31, 2001, and March 31, 2002. (*Ibid*.)

Plaintiff contends that the transcripts of account contain numerous errors, that the Internal Revenue Service failed to properly record filed returns and apply payments as designated by plaintiff, and that plaintiff has overpaid its tax for each of the periods in issue. On September 30, 2003, plaintiff filed with the Internal Revenue Service amended Quarterly Federal Excise Tax Returns (IRS Forms 720X) for the third quarter of 2000, the fourth quarter of 2000, and the third quarter of 2001 (the "Amended Returns") reporting additional communications excise taxes of $754,881 and $860,483, for the third and fourth quarters of 2000, respectively, and seeking a credit of $505,130 of overpaid tax for the third quarter of 2001. The Internal

[1]The advanced payments are shown on the transcripts of account (attached hereto as Exhibits A-B) for the periods ending September 30, 2000, and December 31, 2000. The payments shown on plaintiff's transcripts of account for the third and fourth quarters of 2000 do not correspond to the amounts plaintiff alleges it paid for those tax periods. (*See* Compl ¶ 37.) Plaintiff contends that the transcripts fail to properly reflect payments.

Revenue Service acknowledged receipt of the Amended Returns but failed to post the Amended Returns to plaintiff's account. Instead, the Internal Revenue Service took the payment accompanying the Amended Returns and, without notice to plaintiff, applied those payments to other quarters. Plaintiff has filed timely refund claims for the quarters to which plaintiff contends the payments were improperly applied.

Defendant contends that plaintiff, as the collector of the tax, must comply with the provisions of § 6415 in order to claim a refund of tax imposed by § 4251(a) *i.e.*, plaintiff must establish that it has repaid the tax to its customers/retailers[2], or plaintiff must have obtained their consent to the allowance of a credit or refund. Plaintiff contends that it was not a "collector of the tax," and therefore may directly claim a refund of the overpaid tax. During the periods at issue, plaintiff sold prepaid wireless service. Plaintiff contends that it did not collect from customers communications excise tax on sales of prepaid wireless service and that it (and not the customers) bore the economic burden of the telecommunications excise tax. Therefore, plaintiff argues that it is entitled to claim a refund of the tax imposed under 26 U.S.C. § 4251(a) whether or not it complies with 26 U.S.C. § 6415.

i. <u>Settlement and ADR</u>. In an order dated April 14, 2008, the ADR judge assigned to this matter and the parties agreed to defer ADR until after initial legal issues in this case have been resolved.

j. <u>Joint Proposed Scheduling Plan</u>.

i. Further development of the factual record will be required before the

---

[2]Plaintiff alleges that it sold prepaid wireless service directly to customers (Compl. ¶¶ 21-24) and to retailers (indirect sales) (Compl. ¶¶ 25-28).

parties can determine whether a trial will be necessary in this case. The parties propose that February 2009, is the earliest date this case should reasonably be expected to be ready for trial, if a trial is needed. At this time the parties are unable to estimate the length of time expected to try this case, if a trial is needed. If a trial is determined to be necessary, the parties request that it (and hearings in general) be held in Washington D.C.

ii. Joinder of additional parties. The parties know of no additional parties to be joined.

iii. Dispositive motions. At this time, no final determination has been made with respect to any dispositive motion. If circumstances change based upon facts developed during discovery the parties shall notify the Court and provide a proposed schedule for any intended filing, the legal theory in support of the motion, and if the motion is for summary judgment, whether either party desires that expert discovery precede the motion.

iv. The parties do not believe that discovery should be conducted in phases or limited to certain issues.

v. The parties propose that fact discovery shall be completed on or before November 28, 2008.

vi. At this time the parties do not anticipate the use of expert witnesses. If circumstances change the parties shall notify the Court.

vii. At this time the parties do not anticipate the use of expert witnesses. If circumstances change the parties shall notify the Court.

viii. At this time the parties believe that the limits of 5 depositions per side and 25 interrogatories per individual party are acceptable. If, during discovery

circumstances change the parties shall notify the Court.

ix. The parties do not anticipate requesting any physical or mental examinations pursuant to RCFC 35.

x. The parties do not know of any other information of which should be included in the joint scheduling plan.

k. Special issues. The parties do not know of any special issues regarding electronic case management needs.

l. Joint Statement

The parties held their early meeting of counsel required by Appendix A ¶ 3 on May 22, 2008. The parties jointly stipulate that the initial disclosures required by RCFC 26(a)(1) will be exchanged on or before June 30, 2008.

In Response to Paragraph 7 of Appendix A

The parties propose the following three alternate dates for a preliminary status conference:

June 12, 2008, at 2:00 p.m.

June 13, 2008, at 2:00 p.m.

June 16, 2008, at 2:00 p.m.

Respectfully submitted,

5/28/2008
Date

s/Michael Quigley
MICHAEL QUIGLEY
White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005
(202) 626-3593

Attorney for Plaintiff

5/28/2008
Date

s/Jennifer Dover Spriggs
JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Reviewer

5/28/2008
Date

s/G. Robson Stewart
Of Counsel
Attorneys for Defendant